**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA D. MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-07-811-D |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, Ms. Linda D. McDaniel, seeks judicial review of a denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be affirmed.

**I.   Agency Proceedings**

Plaintiff filed her applications for DIB and SSI on August 12, 2003,[1] alleging an inability to work since March 18, 2003. *See* Administrative Record [Doc. #10] (AR) 59-61; 263-266. Plaintiff's applications were denied initially and on reconsideration. AR 33, 34, 257, 261. Following a hearing before an Administrative Law Judge (ALJ), the ALJ found that Plaintiff was not disabled. AR 13-23. The Appeals Council denied Plaintiff's request for review, AR 5-8, making the decision of the ALJ the final decision of the Commissioner.

---

[1]Plaintiff's protective filing date for SSI is July 22, 2003. AR 16.

## II.   The ALJ's Decision

The ALJ applied the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. She first determined that Plaintiff had not engaged in substantial gainful activity during the relevant period. AR 18. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: osteoarthritis with chronic back pain, moderate chondroacalcinosis of the left knee, depression and obesity. AR 18. At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations. AR 18. At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> [C]laimant remains capable of lifting or carrying 20 pounds occasionally and 10 pounds frequently, standing and walking at least four hours of an eight-hour workday, and sitting without restriction. The claimant is able to climb, stoop, kneel, crouch, and crawl only occasionally, and she is limited to jobs that involve only simple repetitive tasks.

AR 20. The ALJ determined that Plaintiff is unable to return to her past relevant work. AR 21. Relying on the testimony of a vocational expert (VE), the ALJ found at step five that Plaintiff is capable of performing the job requirements of clerk, laundry folder, cashier, and office helper. AR 22.[2]

---

[2] The VE identified DOT job descriptions as follows: laundry folder, 361.587-010; cashier, 211.462-010; office helper, 239.567-010; and charge account clerk, 205.367-014. AR 338-339. The first three jobs are classified as light, and the last job is classified as sedentary.

**III.   Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

**IV.   Issues Raised on Appeal**

Plaintiff contends that a discrepancy exists between the Dictionary of Occupational Titles (DOT) listings and the VE's testimony and that the ALJ erred in failing to elicit testimony from the VE to reconcile the differences. Plaintiff further contends that the ALJ's RFC determination is not supported by substantial evidence because it does not include any limitations with respect to Plaintiff's ability to work with the general public.

**V.     Analysis**

   **A.     DOT Listings and the Testimony of the VE**

Plaintiff contends that a discrepancy exists between the DOT listings and the VE's testimony and that the ALJ erred in failing to elicit testimony from the VE to reconcile the differences.  "An ALJ does have a duty to investigate and obtain a reasonable explanation for any conflict between the DOT and expert testimony before the ALJ may rely on the expert testimony as substantial evidence."  *Hackett v. Barnhart*, 475 F.3d 1166, 1171 (10th Cir. 2007) (*citing Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999)).  In this case, however, the ALJ properly elicited testimony from the VE which reconciles minor differences between the VE's testimony regarding jobs the Plaintiff can perform despite her limitations and information about those jobs in the DOT.  Accordingly, the ALJ's step-five decision is based on substantial evidence in the record.

> The ALJ first asked the VE the following hypothetical question:
>
> Assume an individual who is 46 to 49 years of age with a limited education and no skills transferable from prior work.  Assume that this individual can lift and carry 50 pounds occasionally and 25 pounds frequently; stand and walk four hours of an eight-hour workday; sit six hours of an eight-hour workday; but stoop, crouch, climb, crawl and kneel only occasionally and assume also that this individual is limited to simple repetitive tasks.  Are there jobs that such an individual could perform?

AR 337-338.  The VE identified the jobs of laundry folder, unskilled cashier, and office helper.  AR 338.  In response to further questioning, the VE testified that if the hypothetical person could lift only 20 pounds occasionally and 10 pounds frequently and could stand and walk only two hours a day, only the laundry folder job would be eliminated.  AR 339.  When

the ALJ asked the VE whether the numbers of jobs identified would be reduced because of the two-hour restriction on standing and walking, the VE testified that available jobs would be reduced by about 30%. Finally, the VE testified that a hypothetical person with the physical limitations set forth in the ALJ's second hypothetical question could also perform the job of charge account clerk. AR 339.

The first three jobs identified by the VE are classified as "light" work in the DOT. *See* DICOT 361.587-010, 1991 WL 672979 (FLATWORK TIER); DICOT 211.462-010, 1991 WL 671840 (CASHIER II); and DICOT 239.567-010, 1991 WL 672232 (OFFICE HELPER). The Agency has defined the requirements for sedentary, light, medium and heavy work. "Light work" is defined as follows:

> Light work. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.
>
> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and

> they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

SSR 83-10.

In her decision, the ALJ found that Plaintiff retains the capacity to stand and walk "at least four hours of an eight-hour workday." AR 20. The regulation states that "the full range of light work" requires standing and walking for "approximately 6 hours in an 8-hour workday." But the ALJ did not find that Plaintiff can perform the "full range" of light work. Rather, she found that Plaintiff can perform a "limited range of light work." AR 20. Then, the ALJ carefully explored the limitation on standing and walking and the impact such a limitation would have on the number of available jobs by formulating three hypothetical questions for the VE. In the final hypothetical, the ALJ asked the VE whether there would still be jobs available if the hypothetical individual could stand and walk only two hours in an 8-hour day. The VE stated that the laundry folder job would be eliminated, but that the number of cashier and office helper jobs the individual could do would only be reduced by about 30%. Additionally, the VE testified that the hypothetical individual could also perform the sedentary job of charge account clerk.[3] Having recognized that the RFC finding – that Plaintiff could stand and walk at least four hours in an eight-hour day – did not qualify Plaintiff for the "full range" of light work, the ALJ elicited sufficient information from the VE to determine that Plaintiff's limitations do not significantly erode the number of jobs identified by the VE at step five of the sequential evaluation.

---

[3]*See* DICOT 205.367-014, 1991 WL 671715.

**B.     The ALJ's RFC**

Plaintiff contends that the RFC determination formulated by the ALJ is not supported by substantial evidence because the ALJ did not include any limitations with respect to Plaintiff's alleged inability to work with the general public. Plaintiff contends that the ALJ should have included such a restriction in the RFC because the state agency found that Plaintiff was "markedly limited" in her ability to interact appropriately with the general public. AR 209. The state agency relied on the findings of a consultative psychologist, Robert Danaher, Psy.D., who examined Plaintiff in November 2003.[4] While the ALJ relied on the findings of the state agency in determining that Plaintiff is limited to jobs that involve only simple repetitive tasks, she apparently rejected the state agency's finding that Plaintiff is markedly limited in her ability to interact appropriately with the general public. Plaintiff's challenge to the ALJ's decision on this issue is without merit.

The Social Security regulations set forth the framework within which an ALJ should evaluate opinion evidence of consultative examining physicians. An ALJ is not "bound by any findings made by State agency medical or psychological consultants" even though the Social Security Administration recognizes that such consultants "are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i); 416.927(f)(2)(i).

---

[4]Dr. Danaher's Mental Status Examination is included in the administrative record at 199-205. Dr. Danaher's diagnosis included "Rule/Out Cognitive Disorder NOS Secondary to Traumatic Brain Injury." AR 204.

> When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician or psychologist, the administrative law judge will evaluate the findings using relevant factors . . . such as the physician's or psychologist's medical specialty and expertise in [Agency] rules, the supporting evidence in the case record, supporting explanation provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions.

20 C.F.R. §§ 404.1527(f)(2)(ii); 416.927(f)(2)(ii).

Plaintiff relies on *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), in which the Tenth Circuit reversed and remanded the district court's affirmance of the Commissioner's denial of benefits based on the ALJ's failure to explain why he rejected some of the restrictions assessed by a consultative mental health professional while relying on others. The Tenth Circuit stated:

> An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.

*Id.* at 1208 ( *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004)). Based on *Haga*, Plaintiff contends that the ALJ erred in accepting one limitation but rejecting another.[5]

The ALJ carefully explained, however, why she was giving the consultant's opinion "limited weight." First, the ALJ noted that the record was devoid of information suggesting that Plaintiff had suffered a traumatic brain injury. She also noted that the diagnosis of major

---

[5]Notably, however, the finding that Plaintiff is limited to jobs requiring only simple, repetitive tasks is not necessarily a finding that supports a conclusion that Plaintiff is not disabled. Rather, such a limitation would actually reduce the number of available jobs Plaintiff could perform. Therefore, *Haga* does not apply to this case.

depressive disorder was inconsistent with other information in the record and not supported by any other medical opinion. Finally, she concluded that the absence of treatment for depression and Plaintiff's failure to seek such treatment suggested that Plaintiff's depression is caused by situational difficulties and is transient or intermittent. AR 19-20. The ALJ's RFC finding is supported by substantial evidence in the record as a whole, and her reliance on only part of the consultative examiner's opinion does not constitute error.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by June __10th__, 2008. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   21st   day of May, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE