IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA D. McDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. CIV-07-811-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

ORDER AND JUDGMENT

Pursuant to 42 U.S.C. §405(g), Plaintiff brought this action for judicial review of the decision of the Commissioner of Social Security Administration denying Plaintiff's application for disability benefits and supplemental security income benefits. The matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On May 21, 2008 the Magistrate Judged filed a Report and Recommendation in which she recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected, the matter is reviewed *de novo*.

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Hackett v. Barnhart*, 395 F. 3d 1168, 1172 (10th Cir. 2005). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Doyal v. Barnhart*, 331 F. 3d 758, 760 (10th Cir. 2003). Evidence is not substantial for this purpose if it is

"overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). A "mere scintilla" of evidence is similarly inadequate. *Branum v. Barnhart*, 385 F. 3d 1268, 1270 (10th Cir. 2004).

The record in this case reflects that, following the hearing regarding Plaintiff's claim, the Administrative Law Judge ("ALJ") issued an opinion applying the sequential evaluation process required by Social Security regulations. *See* 20 C. F. R. § § 404.1520 , 416.920. The Report and Recommendation accurately discusses the conclusions reached at each step of the five-step evaluation process. *See* Report and Recommendation at p. 3. Plaintiff's objection is based on the ALJ's conclusions at steps four and five. At step four, the ALJ concluded that the evidence shows the Plaintiff retains the residual functional capacity to lift or carry 20 pounds occasionally and ten pounds frequently, to stand and walk at least four hours during an eight-hour workday, and to sit without restriction. Additionally, the ALJ found Plaintiff is able to "climb, stoop, kneel, crouch, and crawl only occasionally, and she is limited to jobs that involve only simple repetitive tasks." Administrative Record, p. 20. The ALJ concluded that Plaintiff is unable to perform her past relevant work. At step five of the evaluation process, she concluded that Plaintiff is capable of performing the job requirements of a clerk, laundry folder, cashier, and office helper. Administrative Record at p. 22. This conclusion is based on the testimony of a Vocational Expert, who classified the jobs of clerk, laundry folder and cashier as light work; the position of office helper was classified as sedentary work. *Id.*

Plaintiff argues that the ALJ erred in relying on the Vocational Expert's testimony because there is a discrepancy between that testimony and the job listings in the Dictionary of Occupational Titles. Plaintiff contends that the ALJ failed to elicit testimony to reconcile this difference. In

addition, Plaintiff argues that the step-five determination of her residual functional capacity is not supported by substantial evidence because it fails to include limitations regarding Plaintiff's ability to work with the general public.

With respect to Plaintiff's claim that there is a discrepancy in the Vocational Expert's testimony and the Dictionary of Occupational Titles listings, the Magistrate Judge explained in detail the ALJ's obligations regarding the use of a Vocational Expert as well as the manner in which the expert's testimony was elicited in this case.  *See* pages 4 through 6 of the Report and Recommendation.  That discussion is adopted as though fully set forth herein, and need not be repeated in detail.  However, the Court notes in particular that the Magistrate Judge pointed out the ALJ's conclusion that Plaintiff can perform a "limited range of light work;" she did not find that Plaintiff can perform the "full range" of light work, as suggested by Plaintiff.  As the Magistrate Judge explained, the ALJ questioned the Vocational Expert regarding Plaintiff's limitations on walking and standing and any resulting impact those limitations would have on the number of available jobs.  *See* Report and Recommendation, p. 6.  The Vocational Expert testified that, while such limitations could reduce the number of jobs, they would not significant reduce the number of jobs involving a "limited range" of light work.  *Id.*

The Court concludes that, as explained in the Report and Recommendation, the ALJ properly questioned the Vocational Expert regarding the job classifications at issue.  The record reflects that the ALJ did not err in eliciting the Vocational Expert's testimony.

Plaintiff also contends that the ALJ's finding of Plaintiff's residual functional capacity is not based on substantial evidence in the record because it fails to include limitations based on Plaintiff's alleged inability to work with the general public.  The record reflects that the state agency, relying

on the findings of a consultative psychologist, found that Plaintiff was "markedly limited" in her ability to interact with the general public. Administrative Record at p. 209. Plaintiff contends that the ALJ ignored this determination and failed to explain her reasons for doing so; as a result, Plaintiff argues that the decision must be reversed in accordance with *Haga v. Astrue*, 482 F. 3d 1205 (10th Cir. 2007).

As the Magistrate Judge explained, even if *Haga* applies, it does not mandate reversal in this case. The record reflects that, contrary to Plaintiff's contention, the ALJ explained her reasons for assessing limited weight to the consultative psychologist's opinion. *See* Administrative Record at pp. 19-20.

The Court agrees with the Magistrate Judge that the ALJ properly considered the consultative psychologist's opinion and explained her reasons for giving it limited weight. Contrary to Plaintiff's suggestion, the record does not show that the ALJ in this case chose only those parts of that opinion which support a finding of no disability. *See Haga*, 482 F. 3d at 1208.

Having conducted a *de novo* review and having considered the Report and Recommendation and Plaintiff's objections, the Court concludes that the Report and Recommendation [Doc. No. 20] should be, and is, adopted. The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 10th day of November, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE